UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ANGELINE S.,

                    Plaintiff,

v.                                                  CASE # 20-cv-01343

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>  Counsel for Plaintiff<br>600 North Bailey Ave<br>Suite 1A<br>Amherst, NY 14226 | JEANNE MURRAY, ESQ.<br>KENNETH R. HILLER, ESQ. |
| LEWIS L. SCHWARTZ, PLLC<br>  Counsel for Plaintiff<br>1231 Delaware Ave<br>Suite 103<br>Buffalo, NY 14209 | LEWIS L. SCHWARTZ, ESQ |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | PADMA GHATAGE, ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record

and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **GRANTED**, defendant's motion is **DENIED,** the decision of the Commissioner is **REVERSED**, and this matter is **REMANDED** for further administrative proceedings consistent with this order.

## I.    RELEVANT BACKGROUND

### A.    Factual Background

Plaintiff was born on May 9, 1985 and has at least a high school education. (Tr. 214, 222). Generally, plaintiff alleges disability due to Ehlers-Danlos syndrome, fibromyalgia, chronic fatigue syndrome, arthritis, depression, bipolar disorder, and generalized anxiety disorder. (Tr. 213). Her alleged onset date of disability was January 29, 2015 and date last insured was December 31, 2020. (Tr. 10, 226). She subsequently amended her alleged onset date to March 9, 2016. (Tr. 10).

### B.    Procedural History

On March 28, 2016, plaintiff applied for Disability Insurance benefits under Title II of the Social Security Act. (Tr. 177). Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge (ALJ). On January 9, 2019, plaintiff appeared pro se before ALJ Stephan Bell but the hearing was adjourned to seek representation. (Tr. 68-69). On August 12, 2019, plaintiff and her representative appeared before ALJ Bell for a complete hearing. (Tr. 34-64). On August 22, 2019, ALJ Bell issued an unfavorable decision finding plaintiff not disabled under the Social Security Act. (Tr. 7-23). On July 23, 2020, the Appeals Council (AC) denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-3). Thereafter, plaintiff timely sought judicial review in this Court.

### C.     The ALJ's Decision

Generally, in her decision, the ALJ made the following findings of fact and conclusions of law:

1.  The claimant meets the insured status requirements of the Social Security Act through December 31, 2020.

2.  The claimant has not engaged in substantial gainful activity since March 9, 2016, the amended onset date (20 CFR 404.1571 *et seq.).*

3.  The claimant has the following severe impairments: adjustment disorder, bipolar disorder, generalized anxiety disorder, post-traumatic stress disorder, generalized osteoarthritis, morbid obesity, Ehler-Danlos syndrome, left fibula fracture. (20 CFR 404.1520(c)).

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5.  After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant can frequently reach overhead and in all directions to the left and to the right; she can handle and finger items frequently with the left hand and with the right hand; the claimant can climb ramps and stairs occasionally; climb ladders, ropes or scaffolds occasionally; balance, stoop, kneel, crouch and crawl occasionally; the claimant can work in vibration occasionally; the claimant is able to perform simple, routine tasks and make simple work related decisions.

6.  The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7.  The claimant was born on May 9, 1985 and was 29 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563).

8.  The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9.  Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR Part 404.1568).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from January 29, 2015, through the date of this decision (20 CFR 404.1520(g)).

(Tr. 7-23).

## II.    THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.    Plaintiff's Arguments

Plaintiff argues the ALJ made several errors in evaluating the medical opinion evidence and relied on her own lay opinion in assessing a specific RFC which was not tethered to the record. Specifically, plaintiff asserts the ALJ failed to reconcile the RFC with Dr. Fabiano's opinion and make any findings pertaining to plaintiff's ability to deal with stress; the ALJ improperly rejected the social limitations opined; the ALJ failed to evaluated Dr. Kumar's opinion pursuant to the treating physician rule; and the ALJ assessed a physical RFC that was not based on substantial evidence. (Dkt. No. 14 [Plaintiff's Mem. Of Law]).

### B.    Defendant's Arguments

In response, defendant addresses plaintiff's arguments. First, defendant argues the mental RFC is supported by Dr. Fabiano's opinion and plaintiff's treatment history. Second, defendant asserts the ALJ properly evaluated Dr. Kumar's opinion. Third, defendant argues the physical RFC is based on a record as a whole.  (Dkt. No. 15 [Defendant's Mem. of Law]).

## III.    RELEVANT LEGAL STANDARD

### A.    Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial

evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.      Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme

Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482

U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.    ANALYSIS

### A.    Physical RFC

Plaintiff argues that the ALJ's specific RFC was not supported by substantial evidence.

(Dkt. No. 14 at 25). An ALJ must conduct a distinct analysis that would permit adequate review

on appeal, and each of the ALJ's conclusions must be supported by relevant medical evidence.

*Aung Winn v. Colvin*, 541 Fed. Appx. 67, 70 (2d Cir. 2013). When an ALJ does not connect the

evidence of record and RFC findings, or otherwise explain how the record evidence supported his

RFC findings, the decision leaves the court with unanswered questions and does not afford an

adequate basis for meaningful judicial review. *Gorny v. Comm'r of Soc, Sec.*, 2018 WL 5489573,

at *4 (W.D.N.Y. Oct. 29, 2018).

Here, the ALJ found plaintiff capable of a sedentary RFC except the claimant can

frequently reach overhead and in all directions to the left and to the right; she can handle and finger

items frequently with the left hand and with the right hand; the claimant can climb ramps and stairs

occasionally; climb ladders, ropes or scaffolds occasionally; balance, stoop, kneel, crouch and

crawl occasionally; the claimant can work in vibration occasionally. (Tr. 16).

No opinion in the record, medical or otherwise, included these physical limitations. The ALJ did not cite any evidence to connect the specific limitations to the record. In the analysis, the ALJ highlighted generally benign exam findings and mild objective findings. (Tr. 17, 19). The opinion from treating source Dr. Kumar describing plaintiff's Elher-Danlos Syndrome, type II, as listing level, was given reduced weight but also did not include specific functional limitations. (Tr. 661). As it pertained to the handling and fingering, the ALJ only noted a March 2016 report of hypermobility and flexibility of the fingers but also a September 2016 exam where dexterity was intact and she had full grip strength. (Tr. 17). In a different section of her decision, the ALJ again reiterates the plaintiff can perform fine and gross manipulation. (Tr. 20). The ALJ lists objective imaging showing mild arthritic changes to the shoulders but no other evidence that would be related to the limitations for reaching overhead and in all directions. (Tr. 17). The evidentiary basis of other postural limitations is not clear from this record. ALJ Bell noted that although there is an allegation of requiring an assistive device, the evidence consistently has shown normal gait and ability to perform significant postural maneuvers such as a full squat (Tr. 19). The consultative exam by Dr. Brauer had few abnormal findings and no limitations were opined. The ALJ gave this opinion significant weight but with the caveat that the RFC had functional limitations because of subjective pain reports and mild findings. (Tr. 19). However, some of the limitations in the RFC were not related to her primary complaints of pain in the back and lower extremities, while other limitations may be related but not in the way claimed by plaintiff. (Tr. 17). Without some explanation from the ALJ as to the tether between his RFC and the medical opinions or statements from plaintiff, the RFC is based upon his lay analysis of plaintiff's limitations, which is not permitted and requires remand. *Jordan v. Berryhill*, 2018 WL 5993366, at *3 (W.D.N.Y. Nov. 15,

2018); *Westfall v. Comm'r of Soc. Sec.,* No. 19-CV-6473, 2020 WL 3818953, at *3 (W.D.N.Y. July 8, 2020).

Defendant correctly reiterates that an RFC does not need to mirror a medical opinion but rather must consider the record as a whole. *Matta v. Astrue,* 508 F. App'x 53, 56 (2d Cir. 2013). Additionally, if a record contains at least some evidence of a specific limitation, the ALJ may appropriately reach a specific RFC incorporating that limitation. *See, e.g.*, *Bryant v. Berryhill*, 2017 WL 2334890, at *4 (W.D.N.Y. May 30, 2017) (holding that "several refences in the record," including the claimant's conflicting reports about the length of time he could sit or stand—some indicating 10 to 15 minutes at a time and others indicating 30 minutes at a time—allowed the ALJ to "reasonably conclude[] that [claimant] could sit for 30 minutes and stand for 15 minutes"). But that is not the case here.

Defendant contends the ALJ did not rely on lay opinion but considered evidence as a whole yet does not cite to the record additional evidence supporting the specific limitations. (Dkt. No. 15 at 19-20). Defendant sidesteps plaintiff's arguments and asserts the ALJ was allowed to assess the RFC on all relevant medical and other evidence but fails to indicate what that evidence was in this case. (*Id*.). Plaintiff does not argue the RFC limitations must mirror a medical opinion but that they must be based on substantial evidence and tethered to the record. While plaintiff bears the burden of proving her RFC is more restricted than that found by the ALJ, the Commissioner has not shown that the ALJ's decision was supported by substantial evidence in the record. *See Poupore v. Astrue*, 566 F.3d, 303, 306 (2d Cir. 2009). Common sense judgment about functional capacity is only proper where the record is clear and the physical impairments minor. *Deborah H. v. Comm'r of Soc. Sec.,* No. 19-CV-425 (JLS), 2021 WL 1608574, at *3 (W.D.N.Y. Apr. 23, 2021)(citing *Williams,* 366 F. Supp. 2d at 41-18). There is no way for this Court to engage in any meaningful

review of the RFC in this case, as there is no way to determine how the ALJ arrived at the RFC finding and what he based it on other than his own lay interpretation of evidence.

**B. Additional Arguments**

Plaintiff has alleged other errors which the Court declines to fully review as remand has already been determined necessary.

**ACCORDINGLY, it is**

**ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No. 14) is **GRANTED**; and it is further

**ORDERED** that defendant's motion for judgment on the pleadings (Dkt. No. 15) is **DENIED**; and it is further

**ORDERED** that this matter is **REMANDED** pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated: June 3, 2022                                *J. Gregory Wehrman*

Rochester, New York                             HON. J. Gregory Wehrman
                                                United States Magistrate Judge